IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIKAL HALL, <br> No. R58099, <br><br> Plaintiff, <br><br> vs. <br><br> KIMBERLY BUTLER, <br> NURSE RAYBURN, and <div>LIEUTENANT WHITLEY,</div><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 15-cv-01226-MJR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Mikal Hall is an inmate currently housed in Menard Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to events stemming from his fall while trying to climb into a top bunkbed.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v.*

*Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, Plaintiff Hall, a self-described obese man, personally spoke to Warden Kimberly Butler about his need for a ladder in order to access his assigned bed—a top bunk. Butler explained that Menard was an older facility not designed for bunkbeds, and Illinois could not afford to put ladders on thousands of bunkbeds. Plaintiff subsequently fell while trying to climb into his bed, landing unconscious on the floor. To this day, Butler has not provided a ladder; consequently, Plaintiff is forced to sleep on the floor.

When Plaintiff fell and was knocked unconscious, he awakened to Nurse Rayburn administering smelling salts. He was taken to the healthcare unit, where Nurse Rayburn noted in Plaintiff's medical file that he had been unconscious and that the back of his head was swollen. Lieutenant Whitley was present and began reading Plaintiff's medical file. When Plaintiff asked Nurse Rayburn if that was "legal," Whitley instructed her not to answer and to throw away the file. Plaintiff was then

taken to segregation and Lieutenant Whitley directed a subordinate to write Plaintiff a false disciplinary report.

Plaintiff was charged with giving false information to an employee; insolence; abuse of privileges; and disobeying a direct order. (Doc.1, p. 14). Ultimately, all charges were dismissed as unfounded, but only after Plaintiff spent nine days in segregation. (Doc.1, p. 14). Plaintiff also learned that his medical file no longer contains the notions he had observed Nurse Rayburn write, suggesting that Rayburn had deleted the notation as directed by Whitley.

Plaintiff seeks compensatory and punitive damages, as well as affirmative injunctive relief in the form of having a ladder installed for his bunkbed.

Based on the allegations in the complaint (as characterized by Plaintiff), the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Warden Kimberly Butler was deliberately indifferent to Plaintiff's safety when she denied him a ladder to access his bunkbed, in violation of the Eighth Amendment;
>
> **Count 2:** Nurse Rayburn violated the Eighth Amendment when she destroyed Plaintiff's medical record; and
>
> **Count 3:** Lieutenant Whitley violated the First Amendment when he directed that Plaintiff's medical record be destroyed and that a false disciplinary report be issued.

**Discussion**

**Count 1**

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012).

Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Proving deliberate indifference, however, requires more than a showing of negligent or even grossly negligent behavior. *Id*. at 835. The corrections officer must have acted with the equivalent of criminal recklessness. *Id*. at 836–37. Once prison officials know about a serious risk of harm, they have an obligation "to take reasonable measures to abate it," even if harm is not averted. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006); *see also Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008).

Count 1 states a colorable Eighth Amendment claim, albeit a weak claim. When considering Plaintiff's particular situation—an obese man who cannot access a top

bunk—whether Warden Butler's decision not to get Plaintiff a ladder crosses the line from negligence to deliberate indifference is a mixed question of law and fact that cannot be decided on preliminary review. Count 1, therefore, shall proceed against Warden Butler in her individual and official capacities (in that injunctive relief is sought).

### Count 2

Plaintiff contends that Nurse Rayburn—by destroying his medical record and the notation that he was found unconscious and with a swollen head—was deliberately indifferent in violation of the Eighth Amendment. The complaint refers to the denial of Plaintiff's grievance seeking treatment for his head injury (Doc. 1, pp. 9-11). The grievance was denied due to a lack of documentation to substantiate that Plaintiff had been injured. (Doc. 1, p. 11). Although the narrative of the complaint does not clearly tie the destruction of the medical record to a denial of medical care, the link is apparent when the complaint and exhibits are read as a whole. Consequently, a colorable Eighth Amendment claim has been stated against Nurse Rayburn for deliberate indifference to a serious medical need. Count 2 shall proceed.

### Count 3

Plaintiff contends Lieutenant Whitley violated the First Amendment when he directed that Plaintiff's medical record be thrown away and false disciplinary charges be brought against Plaintiff.

To establish a First Amendment retaliation, a plaintiff must ultimately show that (1) he engaged in activity protected by the First Amendment, (2) he suffered a

deprivation likely to prevent future protected activities, and (3) the First Amendment activity was at least a motivating factor for the retaliatory action. *See Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Whether Plaintiff had engaged in any protected activity is the linchpin of this claim.

Prison grievances are considered protected speech because they are "necessary to inform prison officials of prisoner needs and to protect a prisoner's right to later petition the courts," *Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006). Whether the form of First Amendment protection is oral or written, generally, is not determinative (*Id.*), although prisoners can be limited in *how* they make their complaints (*Felton v. Huibregtse*, 525 F. App'x 484, 487 (7th Cir. 2013). Furthermore, purely personal gripes, unrelated to matters of public concern, such as prison policy, are not protected speech. *See Pearson*, 471 F.3d at 740-41 (e.g., an oral question about whether an inmate would receive "lay-in pay" is unprotected; a request for a lie detector test to prove innocence is unprotected).

Neither Plaintiff seeking medical care, nor his asking whether Whitley looking at his medical chart, qualifies as protected speech. Rather, those are purely personal concerns, and not even grievances, *per se*. Because Count 3 is not premised upon protected speech, Plaintiff has failed to state a colorable constitutional claim against Lieutenant Whitley; therefore, Count 3 and must be dismissed. Out of an abundance of caution, dismissal shall be without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 3** and Defendant **LIEUTENANT WHITLEY** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNTS 1 and 2** shall otherwise **PROCEED** against Defendants **KIMBERLY BUTLER and NURSE RAYBURN**.

The Clerk of Court shall prepare for Defendants **KIMBERLY BUTLER and NURSE RAYBURN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to

have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: November 30, 2015

*s/ Michael J. Reagan*
**MICHAEL J. REAGAN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**